**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 100, WASHINGTON, D.C. AREA PENSION FUND<br>3140 N.E. Broadway<br>Portland, Oregon 97232 | )<br>)<br>)<br>)<br>) |
| and | ) |
| TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 100, WASHINGTON, D.C. AREA APPRENTICESHIP TRUST FUND<br>3140 N.E. Broadway<br>Portland, Oregon 97232, | )<br>)<br>)<br>)<br>) |
| and | ) |
| TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 100, WASHINGTON, D.C. AREA VACATION FUND<br>3140 N.E. Broadway<br>Portland, Oregon 97232, | )    **C O M P L A I N T**<br>)<br>)<br>)<br>) |
| and | ) |
| TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 100, 401(k) FUND<br>3140 N.E. Broadway<br>Portland, Oregon 97232, | )<br>)<br>)<br>) |
| and | ) |
| TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 100, WASHINGTON, D.C. AREA RECRUITMENT FUND<br>3140 N.E. Broadway<br>Portland, Oregon 97232 | )<br>)<br>)<br>)<br>) |
| and | ) |
| TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 100, WASHINGTON, D.C. AREA | )<br>) |

| | |
|---|---|
| HEALTH BENEFIT FUND <br> 3104 N.E. Broadway <br> Portland, Oregon 97232, <br><br> and <br><br> INTERNATIONAL ASSOCIATION OF <br> SHEET METAL, AIR, RAIL AND <br> TRANSPORTATION WORKERS, LOCAL UNION <br> NO. 100 <br> 4725 Silver Hill Road <br> Suitland, Maryland 20746, <br><br>             Plaintiffs, <br>      v. <br><br> FEN-COU CORPORATION <br> 8641 Ashwood Drive <br> Capital Heights, Maryland 20743 <br><br>   Serve: Registered Agent <br>       Eugene H. Fentress, Jr. <br>       8307 Wild Cherry Court <br>       Laurel, Maryland 20723 <br><br>             Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

1. Plaintiff Board of Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Pension Fund is an employee benefit plan as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(37). The Pension Fund is established and maintained in accordance with its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 3140 N.E. Broadway in Portland, Oregon. The Board of Trustees is a designated fiduciary in accordance

2

with the Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Plaintiff Board of Trustees of the Sheet Metal Workers' Local Union No. 100 Washington, D.C. Area Apprenticeship Trust Fund is an employee benefit plan as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Apprenticeship Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Apprenticeship Fund is established and maintained in accordance with its Restated Agreement and Declaration of Trust. The Apprenticeship Fund is administered at 3140 N.E. Broadway in Portland, Oregon. The Board of Trustees is a designated fiduciary in accordance with the Apprenticeship Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. Plaintiff Board of Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Vacation Fund is an employee benefit plan as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Vacation Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Vacation Fund is established and maintained in accordance with its Restated Agreement and Declaration of Trust. The Vacation Fund is administered at 3140 N.E. Broadway in Portland, Oregon. The Board of Trustees is a designated fiduciary in accordance with the Vacation Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. Plaintiff Board of Trustees of the Sheet Metal Workers' Local Union No. 100 401(k) Fund is an employee benefit plan as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The 401(k) Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The 401(k) Fund is established and maintained in

accordance with its Restated Agreement and Declaration of Trust. The 401(k) Fund is administered at 3140 N.E. Broadway in Portland, Oregon. The Board of Trustees is a designated fiduciary in accordance with the 401(k) Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. Plaintiff Board of Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Recruitment Fund is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9) and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Recruitment Fund is established and maintained in accordance with its Agreement and Declaration of Trust. The Recruitment Fund is administered at 3140 N.E. Broadway in Portland, Oregon. The Board of Trustees is a designated fiduciary in accordance with the Recruitment Fund's Agreement and Declaration of Trust. The Plaintiffs described in paragraphs 1-5 are collectively referred to as the "Benefit Funds."

6. Plaintiff Board of Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Health Benefit Fund ("Health Fund") is an employee benefit plan as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Health Benefit Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Health Benefit Fund is established and maintained in accordance with its Restated Agreement and Declaration of Trust. The Health Benefit Fund is administered by a third party administrator at 3140 N.E. Broadway in Portland, Oregon. The Board of Trustees is a designated fiduciary in accordance with the Health Benefit Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. 1002(21).

7. Plaintiff International Association of Sheet Metal, Air, Rail and Transportation Workers, Local Union No. 100 ("Union") is a labor organization as that term is defined in Section 2(5) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(5). The Union represents employees in an industry affecting commerce as those terms are defined in Section 2(3) and (7) of the LMRA, 29 U.S.C. §§ 152(3) and (7). The Union is located at 4725 Silver Hill Road in Suitland, Maryland.

8. Defendant Fen-Cou Corporation ("Fen-Cou") is a corporation existing under the laws of the state of Maryland with an office located at 2308 Woodberry Street, in West Hyattsville, Maryland.

9. The Defendant transact business as a contractor or subcontractor in the sheet metal industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1) and (3) and 2(2) of the LMRA, 29 U.S.C. §§ 142(1) and (3) and 152(2); Sections 3(5), (9), (11), (12) and 914) of ERISA, 29 U.S.C. §§ 1002(5),(9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

10. The Defendant is bound to the terms of the Collective Bargaining Agreement between the International Association of Sheet Metal, Air, Rail and Transportation Workers, Local Union No. 100 and the Sheet Metal and Air Conditioning Contractors National Association, Mid-Atlantic Chapter effective July 1, 2014 through June 30, 2017.

## JURISDICTION AND VENUE

11. This is an action to collect contributions due to employee benefit plans and dues due to a labor union under the terms of a collective bargaining agreement. This Court has

5

jurisdiction over this action under Sections 501 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185, as well as under 28 U.S.C. § 1367.

12. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. §§ 185(a) and (c), as the district in which the Defendant is located.

13. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. §§ 185(a) and (c).

## COUNT I
### (TO RECOVER AMOUNTS OWED TO HEALTH AND BENEFIT FUNDS)

14. The Health and Benefit Funds hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15. Pursuant to the Collective Bargaining Agreement, the Defendant agreed to submit contribution reports showing the amounts owed to the Funds and pay to the Health and Benefit Funds certain sums of money for each hour worked by employees of the Defendant performing work covered by the Collective Bargaining Agreement.

16. At all relevant times the Defendant employed employees performing work under the Collective Bargaining Agreement.

17. The Defendant failed to remit the full amount of contributions due to the Health and Benefit Funds for the months of May, June and July 2016.

18. By virtue of the Collective Bargaining Agreement, the Defendant is bound to the Benefit and Health Funds' Agreements and Declarations of Trust.

19. Pursuant to the Collective Bargaining Agreement and the Agreements and Declarations of Trust, an employer who fails to pay the required amounts in a timely manner is

liable for liquidated damages in the amount of 20% of the unpaid contributions and interest calculated at the rate of 12% per annum.

20.     Pursuant to the Collective Bargaining Agreement and the Agreements and Declarations of Trust, an employer who fails to pay the required amounts in a timely manner is liable for all costs, audit expenses and attorneys' fees.

21.     Pursuant to the Collective Bargaining Agreement and the Agreements and Declarations of Trust, an employer who fails to submit contribution reports in a timely manner is liable for late fees.

22.     The Defendant's contribution reports to the Health and Benefit Funds for the months of June and July 2016 are untimely.  The Defendant owes the Health and Benefit Funds late fees for those late reports.

## COUNT II
### (FOR PAYROLL AUDIT)

23.     The Health and Benefit Funds hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 22 as if fully set forth in this Count II.

24.     An audit of the Defendant's records from January 1, 2014 through the present will permit the Health and Benefit Funds to determine whether the Defendant is properly reporting the number of employees working under the Collective Bargaining Agreement, the proper number of hours worked by the employees, the correct contribution rates and the correct amount owed to each Benefit Fund Plaintiff.

25.     Under the terms of the Collective Bargaining Agreement and the Agreements and Declarations of Trust, the Health and Benefit Funds are entitled to conduct an audit of the Defendant's payroll and related records.

# COUNT III
## (UNPAID AMOUNTS OWED TO LABOR ORGANIZATION)

26. Plaintiff Union hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 25 as if fully set forth in this Count III.

27. The Defendant employed certain employees covered by the Collective Bargaining Agreement who authorized a deduction of union dues, fees and assessments from wages. The Defendant failed to forward those payments in full to the Union at least for the months of May, June and July 2016 as required by the Collective Bargaining Agreement.

28. The Defendant owes contractual assessments under the Collective Bargaining Agreement for late payments made to all of the Plaintiffs.

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendant in Counts I, II and III as follows:

A. That the Court finds Defendant liable in the amount of the unpaid contributions owed under the Collective Bargaining Agreement to the Health and Benefit Funds for work performed in May, June and July 2016.

B. That the Court finds Defendant liable to the Health and Benefit Funds in the amount of liquidated damages, and interest owed on all late paid and unpaid amounts from the date due through the date of payment, plus costs and reasonable attorneys' fees.

C. That the Court finds Defendant liable to the Health and Benefit Funds for all late fees owed on all untimely contribution reports.

D. That the Court finds Defendant liable for contributions owed to the Health and Benefit Funds which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, late fees, reasonable attorneys' fees and costs.

E. For a Court Order requiring Defendant to submit all payroll books and records to the Health and Benefit Funds for an audit, at the Defendant's expense, for the period of January 1, 2014 through and including the date of judgment.

F. That the Court finds Defendant liable in the amount of all contributions, dues and assessments, interest, late fees, and liquidated damages for any amounts shown to be due and owing as a result of the audit.

G. That the Court finds Defendant liable for all amounts owed to its employees and the Union under the terms of the Collective Bargaining Agreement through and including the date of judgment.

H. For such further relief as the Court may deem appropriate.

Respectfully submitted,

Dated: August 22, 2016          By:     /s/_____
                                        Ellen O. Boardman (Bar No. 04754)
                                        Rebecca W. Richardson (Bar No. 18556)
                                        **O'DONOGHUE & O'DONOGHUE LLP**
                                        4748 Wisconsin Avenue NW
                                        Washington, DC 20016
                                        Telephone: (202) 362-0041
                                        Facsimile: (202) 327-1200
                                        eboardman@odonoghuelaw.com
                                        rrichardson@odonoghuelaw.com

                                        *Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h), this 22nd day of August 2016, on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC  20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC  20210
>
>Attention:  Assistant Solicitor for
>           Plan Benefits Security

_____/s/_____
Rebecca W. Richardson

273051_1